UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:10CV-P70-R

RODNEY GRIMES                                                                   PLAINTIFF

v.

CHANIN HILAND *et al.*                                        DEFENDANTS

### MEMORANDUM OPINION

This matter is before the Court on initial review of the complaint (DN 1) and its supplement (DN 8) pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the action will be dismissed.

### I.

Plaintiff Rodney Grimes, a convicted inmate currently incarcerated in the Kentucky State Penitentiary ("KSP"), filed a *pro se* complaint against Chanin Hiland, KSP Nurse Practitioner; Steve Hiland, KSP Physician; and John Woods, KSP Medical Administrator. Plaintiff claims that while in the "3-cell house 14-right" segregation unit in January 2010, Defendants violated the Eighth Amendment to the U.S. Constitution and Ky. Rev. Stat. § 197.020,

> By refusing me medical treatment and/or services for a week, by saying I was "not" allowed medical treatment for my injuries until the doctor came for sick call once a week even though It was an emergency situation and I seriously suffered illness. . . That such actions prevented Plaintiff from eating . . . Plaintiff signed up for medical sick-call - turned in his (C.P.O.) Was charged for he medical service, but "denied" medical treatment . . . .

(Ellipses in original). As relief, Plaintiff seeks monetary damages and asks the Court to order Defendants to provide "immediate & full and advance 'adequate' medical attention when needed" and to order Defendants to make cold medication, antibiotics, and vitamins available on medical carts.

Plaintiff attaches a grievance to his complaint. Therein, he complains that he has been sick for four days but that KSP staff and nurses will not do anything and he seeks immediate treatment and for Pepto-Bismol, cold medicine, antibiotics, and vitamins to be placed on the pill cart. Defendant Woods denied the grievance at the informal resolution stage and stated: "The doctor makes medical rounds in 3 cell house every Tuesday morning. The nurse is in three cell house twice each day. Medical issues can be addressed at those times. I find the med carts in three cell house to be adequately stocked." Plaintiff appealed but the Grievance Committee, the KSP Warden, and the Kentucky Department of Corrections Commissioner concurred with the informal resolution and denied his grievance.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two allegations are required to state a claim under § 1983. *Gomez v.*

3

*Toledo*, 446 U.S. 635, 640 (1980).  First, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States," *West v. Atkins*, 487 U.S. 42, 48 (1988), and second, he "must show that the alleged deprivation was committed by a person acting under color of state law."  *Id.*  "Absent either element, a section 1983 claim will not lie."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff fails to indicate in which capacity he sues Defendants.  To the extent he sues them in their official capacity, state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  Furthermore, official-capacity claims for damages against state officials are barred by the Eleventh Amendment to the United States Constitution.  *Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity.").  Accordingly, all official-capacity claims for damages against all Defendants must be dismissed.

As to any individual-capacity claims Plaintiff may be attempting to bring, Plaintiff has failed to state a claim for any relief against Defendants.  With respect to Defendant Wood, his position as Nurse Services Administrator does not automatically make him liable for the actions of his subordinates.  "Respondeat superior is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006).  "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct."  *Id.* (internal quotations omitted).  "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'"  *Loy v. Sexton*, 132 F. App'x 624,

4

626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff mentions no facts involving Defendant Wood in the complaint form but attaches a copy of a grievance demonstrating that he was involved in the informal resolution stage of the grievance process. His mere involvement in and denial of Plaintiff's grievance does not demonstrate active unconstitutional behavior or subject him to liability under § 1983. *See Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983.") (quoting *Shehee*, 199 F.3d at 300); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care.").

As to Defendants Dr. Steve Hiland and Chanin Hiland, Plaintiff only lists them as Defendants in the caption and in the Defendants section of the complaint. They are mentioned nowhere else in the complaint or its attachments. While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). "It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). Plaintiff has not stated any factual basis against either Defendant Hiland and fails to state an Eighth Amendment claim against them.

Plaintiff having stated no cognizable claims against Defendants, the action will be dismissed by separate Order.

Date:

cc: Plaintiff, *pro se*
 Defendants
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005